UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TED L. CRESS,

                          Plaintiff,

      v.

SNOHOMISH COUNTY SUPERIOR COURT,
et al.,

                        Defendants.

Case No. C17-420 RSL-BAT

**ORDER DECLINING SERVICE
AND GRANTING LEAVE TO
AMEND**

Ted L. Cress, who is presently confined at the Snohomish County Corrections ("SCC"), filed a civil rights complaint against the Snohomish County Superior Court, Snohomish County Public Defender Association, Snohomish County Corrections, and Niel Freedman of the Public Defender Association.  Dkt. 4-1.  Mr. Cress alleges that the court and public defenders are failing to respond to his motion for new counsel and provide him with discovery.  Mr. Cress also alleges that unidentified people at SCC took away his reading magnifier (he claims to be blind), will not allow him to have a job at the jail, refuse his request to move to a lower bunk on the upper tier, and stealing his medication.  *Id.*

The Court **DECLINES** to serve the complaint because, as discussed in more detail below, the complaint contains numerous deficiencies.  However, the Court **GRANTS** Mr. Cress leave to file an amended complaint by **May 5, 2017.**

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 1

**DISCUSSION**

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).  In order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.    Government Entities and Public Defender as Parties**

Mr. Cress has failed to name a proper defendant.  A state public defender performing traditional lawyer functions is not a state actor.  *Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed. 509 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). In addition, government entities such as the Snohomish County Superior Court, Snohomish County Public Defender Association, and Snohomish County Corrections are not proper parties to a § 1983 complaint.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).  While Snohomish County is a municipality that can be sued under § 1983, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), Mr. Cress fails to allege how the County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the County ratified the unlawful conduct.  *Monell,* 436 U.S. at 690–91.

**B.    Challenge to Ongoing State Criminal Action**

Even if Mr. Cress were granted leave to amend his complaint to name a proper defendant as to his claim that he is being denied appropriate representation in his state criminal action, he

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 2

1  may not challenge the propriety of ongoing state criminal proceedings in a 42 U.S.C. § 1983

2  lawsuit.  Federal courts will not intervene in a pending criminal proceeding absent extraordinary

3  circumstances where the danger of irreparable harm is both great and immediate. See *Younger v.*

4  *Harris*, 401 U.S. 37, 45, 46 (1971).   The *Younger* abstention doctrine requires that a district

5  court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state

6  interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue.  *Columbia*

7  *Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).

8  All of the *Younger* criteria appear to be satisfied here.  The proceedings are ongoing, involve a

9  criminal prosecution that implicates important state interests, and there is nothing to indicate that

10  Mr. Cress cannot raise in his criminal case the same claims he raises here or that there is a danger

11  of great and immediate irreparable harm.  Therefore, it appears that this action would unduly

12  interfere with the state criminal proceeding in a way *Younger* disapproves.

13  **C.    Conditions of Confinement at SCC**

14         With regard to the remainder of Mr. Cress's claims (that he is being denied use of a

15  magnifier to read, his request for a different bunk assignment has been denied, and his

16  medication have been taken away from him), he has failed to plead sufficient facts from which

17  the Court may determine whether he has stated a viable § 1983 claim.   Mr. Cress may file an

18  amended complaint to set out these allegations more fully.  In the amended complaint, plaintiff

19  must write out short, plain statements telling the Court: (1) the constitutional right plaintiff

20  believes was violated; (2) the name of the person who violated the right; (3) exactly what that

21  person did or failed to do; (4) how the action or inaction of that person is connected to the

22  violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered

23  because of that person's conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 3

If the person named as a defendant was a supervisory official, plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts to support this claim. *See Monell*, 436 U.S. at 691.

Plaintiff must repeat this process for each person he names as a defendant, including any "John Doe" and "Jane Doe" defendants. If plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

## CONCLUSION

The Court **DECLINES** to serve the complaint which as discussed above is deficient. The Court realizes Mr. Cress is proceeding pro se. Thus rather than simply dismissing the action, the Court grants him permission to show cause why his complaint should not be dismissed or to file an amended complaint to cure the above-mentioned deficiencies by **May 5, 2017.** The amended complaint must carry the same case number as this one. **If no amended complaint is timely filed, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

DATED this  6th day of April, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 4