UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TED L. CRESS,

                Plaintiff,

v.

SNOHOMISH COUNTY SUPERIOR COURT, et al.,

                Defendants.

Case No. C17-420 RSL-BAT

**REPORT AND RECOMMENDATION**

Ted L. Cress, who is currently incarcerated at the Washington Corrections Center, filed a civil rights complaint against the Snohomish County Superior Court, Snohomish County Public Defender Association, Snohomish County Corrections, and Niel Freedman of the Public Defender Association. Dkt. 6. Mr. Cress alleged that the court and public defenders are failing to respond to his motion for new counsel and provide him with discovery in his state criminal case. Mr. Cress also alleged that unidentified people at SCC took away his reading magnifier (he claims to be blind), will not allow him to have a job at the jail, refuse his request to move to a lower bunk on the upper tier, and stole his medication. *Id.*

The Court declined to serve the complaint because Mr. Cress failed to name a proper defendant, his claims against the state public defender and state governmental entities were subject to dismissal, and his challenge to his ongoing state criminal proceedings is barred by the *Younger* abstention doctrine. Dkt. 7.

REPORT AND RECOMMENDATION - 1

The Court granted Mr. Cress leave to file an amended complaint to cure, if possible, the noted deficiencies. *Id.* Mr. Cress filed an Amended Complaint on April 18, 2017. The entirety of his amended claim is as follows:

> Correction to Order Granting Application: Line 20 & 16 about medication is wrong, I wasn't on medication and wasn't in right mind and still not had Mental E-val as I wasn't in right mind to register or for registering as medication was stolen from me on the streets. Courts not understanding about blindness or my condition.

Dkt. 8, p. 3. Because Mr. Cress has failed to state a cognizable § 1983 claim, the undersigned recommends that the Court dismiss the complaint without prejudice.

## DISCUSSION

To sustain a civil rights action under § 1983, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.     Government Entities and Public Defender as Parties**

Mr. Cress has failed to name a proper defendant. A state public defender performing traditional lawyer functions is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed. 509 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). In addition, government entities such as the Snohomish County Superior Court, Snohomish County Public Defender Association, and Snohomish County Corrections are not proper parties to a § 1983 complaint. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). While Snohomish County is a municipality that can be sued under § 1983, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), Mr. Cress fails to allege how the County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to,

or violates, his civil rights or that the County ratified the unlawful conduct. *Monell,* 436 U.S. at 690–91.

**B.     Challenge to Ongoing State Criminal Action**

Even assuming a proper defendant could be named, Mr. Cress may not challenge the propriety of ongoing state criminal proceedings in a 42 U.S.C. § 1983 lawsuit. Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). All of the *Younger* criteria appear to be satisfied here. The proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that Mr. Cress cannot raise in his criminal case the same claims he raises here, and there is no danger of great and immediate irreparable harm. Therefore, it appears that this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves.

**C.     Conditions of Confinement at SCC**

With regard to the remainder of Mr. Cress's claims (that he is being denied use of a magnifier to read and his request for a different bunk assignment)[1], he has failed to plead sufficient facts from which the Court may determine whether he has stated a viable § 1983 claim and has failed to name a liable party. Mr. Cress was advised to file an amended complaint

---

[1] Based on the amended complaint, the Court assumes that Mr. Cress is no longer alleging that his medications were wrongfully taken from him by anyone at the Snohomish County Jail.

REPORT AND RECOMMENDATION - 3

containing short, plain statements telling the Court: (1) the constitutional right he believes was violated; (2) the name of the person who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. He has failed to do so.

## CONCLUSION

Mr. Cress was granted leave to file an amended complaint to cure the deficiencies of his original complaint. His amended complaint suffers from similar deficiencies. Accordingly, the Court recommends that this action be **DISMISSED without prejudice for failure to state a claim.** A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **Thursday, June 1, 2017.** The Clerk should note the matter for **Monday, June 5, 2017** as ready for the District Judge's consideration if no objection is filed.

If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this  11th  day of May, 2017.

  
BRIAN A. TSUCHIDA  
United States Magistrate Judge